UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PATRICK MARTIN, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 1:14-cv-67 |
| V. | § | |
| | § | JURY TRIAL DEMANDED |
| STUART PETROLEUM TESTERS, INC., | § § | |
| Defendant. | § | |
| | § | |

PLAINTIFF'S ORIGINAL COMPLAINT
COLLECTIVE ACTION AND JURY DEMAND

1.      Defendant Stuart Petroleum Testers, Inc. ("Defendant") required Plaintiff Patrick Martin ("Plaintiff") to work more than forty (40) hours in a workweek as a flow tester. Plaintiff is an hourly paid employee who monitors oil and gas wells.  Defendant misclassified Plaintiff as an independent contractor and as such paid him straight time for overtime hours worked.

2.      Defendant's conduct violates the Fair Labor Standards Act, which requires non-exempt employees to be compensated for all hours in excess of forty (40) in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).

3.      Plaintiff brings a collective action to recover unpaid overtime compensation owed to him individually and on behalf of all current and former hourly-paid workers who performed work for Defendant associated with monitoring and maintaining oil and gas wells throughout the United States during the three-year period before the filing of this Complaint up to the date the court authorizes notice. Members of the Collective Action are hereinafter referred to as "Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      Venue is proper in the Western District of Texas, Austin Division because a substantial portion of the events forming the basis of this suit occurred in this District and Division, and Defendant does a significant percentage of its business in this District. Additionally, Defendant is headquartered in Washington County, Texas and the decision to pay Plaintiff as an independent contractor was made in this district.

## PARTIES AND PERSONAL JURISDICTION

6.      Plaintiff Patrick Martin is an individual residing in Gonzales County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

7.      The "Class Members" are all current and former hourly-paid workers classified as independent contractors who performed work for Defendant associated with monitoring and maintaining oil and gas wells throughout the United States during the three-year period before the filing of this Complaint up to date the Court authorizes notice.

8.       Defendant Stuart Petroleum Testers, Inc. is a domestic for-profit corporation that may be served with process through its registered agent Scott Yariger at 1808 High View Circle, Brenham, Texas 77833.

9.      This Court has personal jurisdiction over Defendant because it is a Texas corporation.

## FLSA COVERAGE

10.      At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

2

11.     At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

12.     At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

13.     Furthermore, Defendant has an annual gross business volume of not less than $500,000.

14.     At all material times, Plaintiff and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## FACTS

15.     Defendants provide oil and gas well monitoring services to energy companies nationwide.

16.     Defendants employ their workforce to monitor and maintain oil and gas wells in multiple states including Texas, Arkansas, and Louisiana.

17.     Defendants have locations in more than one city in Texas.

18.     Plaintiff and Class Members are employed by Defendant as flow testers.  As such, their primary duties consist of monitoring oil and gas wells located throughout the United States.

19.     Plaintiff and Class Members worked on a regular basis for Defendant at various oil and gas well locations, monitoring such oil and gas wells.

20.     Plaintiff Patrick Martin worked for Defendant's benefit monitoring oil and gas wells at multiple locations throughout Texas.

21.     Plaintiff Martin worked for Defendant from approximately July of 2011 until January of 2013 at various locations throughout Texas.

22.     While working for Defendant at these various locations, Plaintiff Patrick Martin interacted with and became familiar with the way Defendant treats its other employees with respect to overtime pay and that it misclassifies such workers as independent contractors. Therefore, Plaintiff Patrick Martin has first-hand personal knowledge of the same pay violations throughout Defendant's operation at multiple geographical locations.

23.     Defendant paid Plaintiff and Class Members on an hourly basis.

24.     Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and Class Members.

25.     In addition, Defendant instructed Plaintiff and Class Members about when, where, and how they were to perform their work.

26.     Moreover, the following conduct further demonstrates that Defendant acted as Plaintiff's employer:

   a.   Defendant required Plaintiff to turn in the hours he worked once a week just like normal hourly-paid employees;

   b.   Defendant paid Plaintiff and Class Members on a non-negotiable hourly rate it unilaterally set;

   c.   Defendant required Plaintiff and Class Members to report to their assigned well at a set time;

   d.   Plaintiff and Class Members had no control over which well they were assigned to work;

4

e.   Defendant required Plaintiff and Class Members to request time off in advance and have that time off preapproved;

f.   Defendant issued work orders to Plaintiff and Class Members;

g.   Defendant provided safety training to Plaintiff and Class Members instructing them how to perform their work;

h.   Plaintiff and Class Members faced termination if they failed to attend these regular meetings;

i.   Defendant assigned Plaintiff and Class Members so many work hours per week (often more than 70) that, as a practical matter, they were prevented from working for any other company;

j.   Defendant controlled the amount of hours Plaintiff and Class Members worked;

k.   Defendant dictated the locations at which Plaintiff and Class Members worked;

l.   Plaintiff's and Class Members' services were integrated into Defendant's operations;

m.   Plaintiff and Class Members were required to perform their work in an order set by Defendant;

n.   Plaintiff and Class Members worked for Defendant for long periods of time, often years, as is common with employees;

o.   Defendant had rules that Plaintiff and Class Members were required to follow when performing their jobs;

p.   Defendant required Plaintiff and Class Members to attend company meetings; and

q.   Defendant maintained the right to discharge Plaintiff and Class Members at will.

27.     Furthermore, the degree of investment Plaintiff and Class Members made to perform their work pales in comparison to the expenses Defendant incurred.  Plaintiff and Class Members were required to supply simple hand tools, such as wrenches or a hammer.  On the other hand, Defendant provided equipment worth hundreds of thousands of dollars including sand traps, water pumps, earth moving equipment, flowback tanks, generators, valves, gauges, pipe, light plants, generators, and flare stacks.

28.     A substantial portion of Defendant's annual revenue is derived from work performed by Plaintiff and Class Members.

29.     Ironically, Defendant employs many flow testers that it classifies as employees and pays those flow testers overtime.  The flow testers whom Defendant internally classifies as employees perform the same work under the same conditions as the ones it classified as independent contractors.

30.     Despite these facts, Defendant improperly classified Plaintiff and Class Members as independent contractors and not employees.

31.     However, at all times, the flow testers and other similarly situated workers were employees of Defendant, as that term is defined under the FLSA and interpretative case law.

32.     Defendant tracked the time and days the flow testers worked just as is common for typical employer-employee relationships.

33.     Although Plaintiff and Class Members have been required to work more than forty (40) hours per work-week, and did so frequently, they were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

34.     Instead, Plaintiff and Class Members were paid a flat hourly rate for all hours worked, regardless of how many hours they actually worked.

35.     That is, Defendant paid Plaintiff and Class Members straight time for overtime.

36.     No FLSA exemption applies to hourly-paid employees such as Plaintiff and Class Members.

37.     Defendant's method of paying Plaintiff and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Indeed, Defendant's conduct is all the more egregious because it intentionally set up a paper profile that belied the true interaction and conduct of the company and its workforce. For example, Defendant insisted that its workers submit so-called "invoices," not time sheets.  Defendant even created the "invoice form" its workers were required to use, which was nothing more than a time sheet.  Defendant required its workers complete other paper work which Defendant intended to, on the surface, give the impression that their workforce was composed of dozens of independent contractors.  In reality, Defendant operated as an oil and gas monitoring company and sold its services through a workforce of dozens of employees.

38.     That is, Defendant's misclassification was not by accident, but a well thought out scheme to reduce its labor costs.  Accordingly, Defendant's violations of the FLSA are willful.

## **VIOLATION OF 29 U.S.C. § 207**

39.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

40.     Defendant's practice of failing to pay Plaintiff and Class Members a time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA.  29 U.S.C. § 207.

41.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff and Class Members.

## COLLECTIVE ACTION ALLEGATIONS

42.     Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendants' misclassification of its employees.

43.     Plaintiff Patrick Martin's knowledge is based on his personal work experience and through communications with other workers of Defendant while performing work throughout Texas.

44.     Other hourly paid workers similarly situated to the Plaintiff work for Defendant throughout the United States, but are not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

45.     Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

46.     Defendant has classified and continues to classify Class Members as independent contractors.

47.     Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as independent contractors by Defendant.

48.     Class Members are not exempt from receiving overtime pay under the FLSA.

49.     As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, their misclassification as independent contractors and/or the denial of overtime pay.

50.     Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Class Members.

51.     The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of Class Members.

52.     The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

53.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

54.     Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendant that caused financial harm to all Class Members.

55.     As such, the class of similarly situated Plaintiffs is properly defined as follows:

> All current and former hourly-paid workers classified as independent contractors who performed work for Defendant associated with monitoring and maintaining oil and gas wells throughout the United States during the three-year period before the filing of this Complaint up to the date the Court authorizes notice.

## DAMAGES SOUGHT

56.     Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

57.      Plaintiff and Class members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

9

58.      Plaintiff and Class Members are entitled to recover their attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## JURY DEMAND

59.      Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

60.      For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding them the following:

    a.  Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

    b.  Liquidated damages in an amount equal to their unpaid overtime as allowed under the FLSA;

    c.  Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

    d.  Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By:   /s/ Galvin B. Kennedy
      Galvin B. Kennedy
      Gkennedy@kennedyhodges.com
      Texas State Bar No. 00796870
      Federal Bar No. 20791
      711 W. Alabama St.
      Houston, TX 77006
      Telephone: (713) 523-0001
      Facsimile: (713) 523-1116
      ATTORNEY FOR PLAINTIFF

Of Counsel:

John A. Neuman (*admission into district pending*)
Jneuman@kennedyhodges.com
Texas State Bar No. 24083560
Federal Bar No. 1902654
KENNEDY HODGES, LLP
711 W. Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116